**David Fred FISHER, Petitioner–Appellant,**

v.

**Steven J. CAMBRA, Jr., Warden; Attorney General of the State of California, Respondents–Appellees.**

No. 01–17528.

D.C. No. CV–98–00787–WBS.

United States Court of Appeals,
Ninth Circuit.

** Honorable Thomas S. Zilly, United States District Judge for the Western District of Washington, sitting by designation.

Submitted June 11, 2003.*

Decided June 20, 2003.

Before HILL,** T.G. NELSON, and HAWKINS, Circuit Judges.

## MEMORANDUM***

David Fred Fisher appeals from the district court's denial of his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm. Because the parties are familiar with the facts, we do not recite them here.

■ Wrongfully admitted evidence violates the Constitution's Due Process Clause and warrants habeas relief "only when the questioned evidence renders the trial so fundamentally unfair as to violate federal due process."[1] The Supreme Court has "defined the category of infractions that violate 'fundamental fairness' very narrowly."[2] The alleged error in petitioner's case, if it was constitutional

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable James C. Hill, Senior United States Circuit Judge for the Eleventh Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *Jeffries v. Blodgett*, 5 F.3d 1180, 1192 (9th Cir.1993).

2. *Estelle v. McGuire*, 502 U.S. 62, 73, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).

error at all, does not fall within that narrow category. A comparison with Supreme Court precedent makes this clear.

In *Estelle v. McGuire,*[3] the prosecutor introduced more inflammatory evidence, and the court offered a far less effective limiting instruction than in this case.[4] Moreover, the inflammatory evidence was never directly linked to the defendant.[5] Nonetheless, the Supreme Court concluded that the evidence was relevant and found no due process violation from its introduction.[6]

In this case, the introduced evidence was directly linked to the defendant, was highly relevant, and was less inflammatory than the evidence in *Estelle.* Moreover, the trial court's limiting instruction to the jury guarded against the misuse of the evidence far more thoroughly than did the instruction in *Estelle.*

In light of the "clearly established Federal law, as determined by the Supreme Court of the United States"[7] represented by *Estelle,* with which the state court's decision comports, we cannot conclude that the district court erred on the first issue raised.[8]

■ Petitioner's second claim, for ineffective assistance of counsel, also fails. Petitioner asserts that his appellate counsel should have raised the above due process claim on his direct appeal. Because, as we have just concluded, that claim lacks

merit, he can show no prejudice from counsel's failure to raise it.[9]

AFFIRMED.

---

3. *Id.*

4. *Id.* at 65, 112 S.Ct. 475 (describing evidence of prior rectal tearing and fractured ribs in baby), 71–75 (discussing problematic jury instruction).

5. *Id.* at 69, 112 S.Ct. 475.

6. *Id.* at 69, 71–75, 112 S.Ct. 475.

7. 28 U.S.C. § 2254(d).

8. *Id.*

9. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

